JAMES BOOZER, BY HIS NEXT FRIEND, ELOISE BOOZER, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

(Filed 11 July, 1934.)

1. **Insurance F b—Insured under group policy must become totally and permanently disabled while insured to recover on disability clause.**

An employee insured under a group policy, providing for disability benefits to employees becoming totally and permanently disabled, may not recover upon such disability clause unless he suffers disability which is total and permanent while insured by the policy.

2. **Same—Recovery may not be had on disability clause of group policy where employee is not totally disabled at time of discharge.**

A policy of group insurance provided that it should terminate as to any employee upon his discharge from the company. The policy also contained a clause providing for benefits to employees becoming totally and permanently disabled. While employed and covered by the insurance, plaintiff contracted a disease which affected his mind. He continued his employment and was thereafter discharged because of a violation of a rule of the employer and not because his work was unsatisfactory. After his discharge he unsuccessfully attempted to procure other work and about five months after his discharge he was adjudged insane. This action was instituted to recover disability benefits under the policy. *Held,* the evidence disclosed that at the time of his discharge, which terminated his insurance, plaintiff was not totally disabled, and insurer's motion as of nonsuit should have been allowed.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Hill, Special Judge,* at February Term, 1934, of FORSYTH. Reversed.

This is an action to recover on a certificate of insurance which was issued on 3 December, 1929, by the defendant to the plaintiff as an employee of the R. J. Reynolds Tobacco Company of Winston-Salem, N. C., pursuant to the provisions of a policy of group life insurance, by which the defendant had insured certain employees of the said tobacco company.

It is provided in said policy of insurance that "in the event that any employee while insured under the aforesaid policy, and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease, and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of any such employee under the policy, pay equal monthly disability installments,

the number and amount of which shall be determined by the table of installments below."

It is further provided in said policy of insurance that "the insurance of any employee under the above mentioned policy shall automatically cease upon his discontinuing his contributions toward the payment of premiums for insurance thereunder, or upon termination of his employment with the employer in the specified classes of employees, or in the event of his being pensioned, retired, granted leave of absence or laid off from full time employment."

The plaintiff was an employee of the R. J. Reynolds Tobacco Company from the date of the issuance of the certificate of insurance, to wit: 3 December, 1929, to 26 September, 1932, when his employment was terminated by his discharge for the violation on said day of a rule of said company. During this period he was insured under the policy of group life insurance issued by the defendant to the R. J. Reynolds Tobacco Company. His insurance, however, under the terms of the policy, ceased on 26 September, 1932.

The evidence at the trial showed that while the plaintiff was insured under said policy, he became disabled as the result of a disease which he had contracted while in the employment of the R. J. Reynolds Tobacco Company; that this disease by its very nature affected the mind of the plaintiff, and that it was progressive in its nature, and incurable. Prior to his discharge as an employee of the R. J. Reynolds Tobacco Company, and while he was insured by the defendant, he suffered a disability by disease, which was permanent.

The evidence showed further that notwithstanding his disability, the plaintiff continued to perform his work as an employee of the R. J. Reynolds Tobacco Company, up to and including the day of his discharge. He earned and was paid full wages for his work. His services were satisfactory to his employer. He was not discharged because of his disability, but because in violation of a rule of the company, he had whiskey in his possession on the premises of the tobacco company, while he was at work.

After his discharge on 26 September, 1932, the plaintiff endeavored to get other employment, but was unable to do so. Sometime in January, 1933, he was adjudged insane, as the result of the disease from which he was suffering prior to his discharge. He is now and has been since 13 January, 1933, a patient in the State Hospital for the colored insane at Goldsboro, N. C. He is now both totally and permanently disabled by disease, and thereby prevented from engaging in any occupation, or performing any work for compensation of financial value.

This action was begun on 23 February, 1933, and is prosecuted by the duly appointed next friend of the plaintiff.

The issue submitted to the jury was answered as follows:

"Was James Boozer on 26 September, 1932, totally and permanently disabled by bodily injury or disease, as alleged in the complaint? Answer: Yes."

From judgment that plaintiff recover of the defendant the sum of $500.00, and the costs of the action, the defendant appealed to the Supreme Court.

*Williams & Bright for plaintiff.*
*Manly, Hendren & Womble for defendant.*

CONNOR, J. The plaintiff is not entitled to recover in this action for a disability resulting from bodily injury or disease, suffered by him while insured by the defendant, unless such disability was both permanent and total.

Conceding that there was evidence at the trial tending to show that plaintiff suffered a permanent disability from disease, while he was insured by the defendant, and before he had attained the age of 60 years, we must hold that there was no evidence tending to show that the disability was total. All the evidence shows that plaintiff was able to perform and did perform the duties of his employment up to and including the day of his discharge, which terminated his insurance. For this reason there was error in the refusal of the court to allow defendant's motion, at the close of all the evidence, for judgment as of nonsuit. See *Thigpen v. Ins. Co.,* 204 N. C., 551, 168 S. E., 845. The judgment is

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.